NAZARIO, DEMANDANTE Y APELANTE, *v.* ATLAS ASSURANCE CO., LIMITED, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 1443.—Resuelto en julio 19, 1916.

ALEGACIONES JURADAS—JURAMENTO DEFECTUOSO—CONOCIMIENTO DE LOS HECHOS POR EL ABOGADO.—Es abiertamente defectuoso, de acuerdo con el artículo 118

del Código de Enjuiciamiento Civil el juramento por el abogado de una contestación en que sólo manifiesta que es cierto lo en ella alegado, constándole su certeza de propio conocimiento, excepto lo que se alega por información y creencia que también cree cierto, cuando ni en la misma contestación ni en el juramento expresa qué hechos conoce de una manera y cuáles de otra.

ID.—CONTESTACIÓN—JURAMENTO POR PERSONA DISTINTA DEL DEMANDADO—ID. POR EL ABOGADO.—Una contestación puede ser jurada por otra persona que conociera los hechos que no sea el demandado, aunque no fuere parte en el juicio, como así se desprende del artículo 118 del Código de Enjuiciamiento Civil, cuando el demandado estuviere imposibilitado de verificarlo por no serle aquéllos conocidos, pero deberá consignarse en la declaración escrita y jurada la razón por la cual no lo hace el demandado. Si ni la parte, ni la persona con conocimiento de los hechos, pudiera verificar el juramento y la contestación se jurase por el abogado, es deber de éste expresar tal circunstancia en el juramento para que pueda producir efectos legales.

ID.—JURAMENTO POR AGENTES AUTORIZADOS—PARTES EN LA ACCIÓN.—Los agentes autorizados de una compañía al formularse la contestación pueden jurar ésta con arreglo al último párrafo del artículo 118 del Código de Enjuiciamiento Civil, en el caso de que no pudiera verificarlo su representante anterior en la fecha del contrato, pues la circunstancia de ser tales agentes autorizados de la demandada les da el carácter de partes en el pleito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

La apelada no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por la demandante Catalina Nazario, viuda de Buil, contra sentencia que en 22 de noviembre de 1915 pronunció la Corte de Distrito de Mayagüez sosteniendo moción de *non-suit* de la parte demandada, fundada en la insuficiencia de la prueba, y desestimando en su consecuencia la demanda con sobreseimiento y archivo del caso y costas, gastos, desembolsos y honorarios de abogados a cargo de la demandante.

En la demanda, que ha sido jurada, se alega:

1°. Que la demandada es una corporación dedicada al negocio de seguros contra incendio, con oficina principal en Cheapside, Londres, y autorizada para hacer negocios en Puerto Rico, teniendo oficina en Mayagüez bajo el nombre de Sánchez Morales & Co., a cargo de Luis F. Sánchez.

2°. Que hacia el 3 de abril de 1913 la demandante era

dueña de una casa terrera de mampostería situada en la calle Peral, No. 2, de la ciudad de Mayagüez.

3°. Que en la fecha indicada celebró con la demandada por conducto de sus agentes J. T. Silva y Cía., S. en C., hoy en liquidación, un contrato de seguro contra incendio, por término de un año a contar desde 3 de abril de 1913 y a vencer a las cuatro de la tarde de igual día y mes de 1914, sobre la casa mencionada, consignándose el contrato por la suma de $1,300 en la póliza No. 7821572, suscrita por los referidos agentes de la demandada.

4°. Que en atención a mejoras efectuadas en la dicha casa, la demandante en 3 de abril de 1914 propuso a la demandada por conducto de sus agentes la celebración de un nuevo contrato de seguro sobre la misma finca por valor de $2,000 a contar desde la fecha de la aceptación.

5°. Que esa aceptación tuvo lugar en 6 de abril de 1914 quedando celebrado el contrato por término de un año, pagando a la demandada el premio correspondiente, y extendiéndose el nuevo contrato en la póliza No. 7821873 que suscribió la demandada por medio de sus agentes J. T. Silva y Cía., S. en C., en liquidación, en la misma fecha 6 de abril de 1914.

6°. Que en la madrugada del día 4 de abril de 1915, la casa asegurada fué accidental y totalmente destruída por un incendio.

7°. Que al día siguiente, 5 de abril, queriendo proceder al cobro de la póliza No. 7821873, cuyo documento había guardado sin leerlo ni revisarlo en la firme creencia de que el vencimiento de su término se había hecho constar para el día 6 de abril de 1915, según lo convenido y aceptado por demandante y demandada, encontró que en el contrato se había consignado equivocadamente por la demandada que la póliza vencía a las cuatro de la tarde del día 3 de abril de 1915 cuando en realidad era a las cuatro de la tarde del día 6 de abril de 1915, o sea, al año de la fecha en que fué suscrito.

8°. Que hacia el 5 de abril de 1915 la demandada por con-

ducto de su oficina en Mayagüez reconoció y aceptó ante
varias personas y en un telegrama suscrito con la firma Sán-
chez Morales y Cía., dirigido a los agentes J. T. Silva y Cía.,
S. en C., en liquidación, bajo la clave "Silvaco" que el con-
trato de seguro de que se deja hecho mérito fué concertado
y quedó consumado en 6 de abril de 1914 y venció en 6 de
abril de 1915, lo cual, según alega también la demandante,
aparecía de los libros y datos de la oficina de la demandada
en Mayagüez.

9°. Que la demandada se niega a pagar a la demandante la
suma de $2,000 importe del aseguro, a pesar de haber sido
requerida al efecto.

La demanda concluye con la súplica de que se condene a
la demandada a pagar a la demandante la suma de $2,000,
intereses legales desde la interposición de la demanda, y el
importe de las costas, desembolsos y honorarios de abogado.

La demandada al contestar la demanda bajo juramento de
su abogado opuso a ella la excepción previa de que no aduce
hechos suficientes para determinar una causa de acción y
además formuló las siguientes negaciones:

1ª. Que tenga ni haya tenido una agencia o sub-agencia
que la represente en Mayagüez bajo el nombre de Sánchez
Morales y Cía., pues la casa de Sánchez Morales y Cía., de
Mayagüez, a cuyo frente se encuentra Luis F. Sánchez, es
solamente una agencia solicitadora de seguros, sin facultades
para representar a la compañía demandada, siendo el único
agente autorizado de ella en Puerto Rico actualmente la casa
de Sánchez Morales y Cía., de San Juan, y la casa de J. T.
Silva y Cía., S. en C., sucesores, de San Juan, en las fechas
a que se refieren los hechos ocasionales del pleito.

2ª. Que el día 3 de abril de 1914 le propusiera la deman-
dante la celebración de un nuevo contrato de seguro por
$2,000 pues lo que solicitó la demandante fué la ampliación
de la suma asegurada de $1,300 a $2,000 de la casa de que se
trata, por un año más a contar desde el vencimiento de la
primera póliza o sea desde abril 3, 1914.

3ª. Que sus agentes expidieran póliza alguna a favor de la demandante por un año a contar desde abril 6, 1914.

4ª. Que el convenio de renovación y ampliación de la póliza extendida a favor de la demandante fuese por un año a contar desde abril 6, 1914, pues realmente fué desde el vencimiento de la anterior póliza en 3 de abril de 1914, por un año a expirar en igual fecha de 1915, habiendo aceptado la demandante dicha póliza sustituta y satisfecho el importe del premio correspondiente.

5ª. Que en 5 de abril ni en otra fecha alguna haya aceptado y reconocido en telegrama o en otra forma que el contrato de seguro venciera el día 6 de abril de 1915, y que tal reconocimiento apareciera de los libros y datos de la oficina de Sánchez Morales y Cía., de Mayagüez.

6ª. Que adeude la suma de $2,000 a la demandante, ni otra cantidad.

Alegó también la demandada como materia nueva constitutiva de defensa: (*a*) Que al solicitar la demandante de la compañía demandada la renovación y ampliación de su póliza por conducto de los agentes solicitadores de Mayagüez, Sánchez Morales y Cía., impuso como condición que continuara en vigor el seguro de los $1,300 del primer año y se ampliara $700, sin admitir que la compañía lo tratase como un nuevo seguro. (*b*) Que durante el mes de abril de 1915 los únicos agentes autorizados para representar a la demandada en Puerto Rico eran J. T. Silva y Cía., Sucesores, de San Juan, y que en aquella fecha Sánchez Morales y Cía., de Mayagüez, eran únicamente agentes solicitadores de la compañía, sin autorización para representarla ni obligarla legalmente.

La contestación termina con la súplica de que se declare sin lugar la demanda condenando a la demandante al pago de las costas, gastos, desembolsos y honorarios de abogado.

En el día señalado para la celebración del juicio, 22 de noviembre de 1915, la demandante presentó moción a la corte para que se eliminara de la contestación a la demanda el juramento que suscribía el licenciado Frank Martínez por ser

insuficiente y carecer de eficacia legal, y que en el caso de que aquella eliminación fuera declarada sin lugar se eliminaran varias alegaciones, unas por no constituir negativa específica de hechos de la demanda, otras por no establecer una buena defensa u oposición y otras por constituir materia impertinente, argumentativa, evasiva y redundante.

La corte denegó dicha moción por estimar que el juramente era suficiente y que se habían negado específicamente los hechos esenciales de la demanda, cuya resolución fué excepcionada por la demandante.

Terminadas las pruebas de la demandante, la demandada hizo una moción de *non-suit* que sostuvo la corte, por entender que la prueba era claramente insuficiente para dar derecho a reclamar a la demandante, y en su consecuencia dictó en los términos ya indicados la sentencia apelada.

La parte demandante-apelante en su alegato escrito ante esta Corte Suprema alega entre otros motivos para pedir la revocación de la sentencia apelada que la corte cometió error al no eliminar el juramento del abogado Frank Martínez que aparece en la contestación de la demanda, infringiendo así el artículo 118 del Código de Enjuiciamiento Civil.

La parte apelada no ha comparecido a impugnar el recurso.

El juramento que figura al pie de la contestación de la demanda, dice así:

"Frank Martínez, mayor de edad, abogado, casado, vecino de San Juan de Puerto Rico, debidamente juramentado declara:

"Que es uno de los abogados de la compañía demandada en el caso arriba expresado; que ha leído la contestación que antecede y conoce su contenido y que la misma es cierta, constándole su certeza de conocimiento propio, excepto en cuanto a lo en ella alegado por información y creencia y en cuanto a esto también la cree cierta.

"Que jura esta contestación el abogado y no los agentes de la compañía, por serle conocidos los hechos al abogado y no a los actuales agentes Sres. Sánchez Morales y Cía.   Firmado: Frank Martínez.   No._____.

"Jurado y suscrito ante mí por Frank Martínez, mayor de edad, abogado, casado, vecino de San Juan, a quien conozco personalmente, hoy cinco de octubre de 1915. Firmado: Francisco Azuar. Secretario, Corte de Distrito."

El juramento transcrito no se ajusta a los preceptos del artículo 118 del Código de Enjuiciamiento Civil.

Ese artículo prescribe que en todos los casos de alegaciones juradas, la declaración escrita y jurada de la parte deberá afirmar que le consta por propio conocimiento que es cierto lo alegado, excepto en cuanto a las materias que en dicha declaración manifieste conocer por su información o creencia, en cuyo caso expresará que las cree ciertas, debiendo hacerse el juramento de las alegaciones por declaración escrita y jurada de la parte, a menos que se hallare ausente del distrito en que residiere su abogado o por cualquier otra causa estuviere imposibilitada de verificarlo cuando los hechos sean conocidos de su abogado u otra persona que los jurare.

Al resolver el caso de *Vázquez Prada* v. *Rossy,* 20 D. P. R. 194 y 196, dijimos:

"El artículo 118 del Código de Enjuiciamiento Civil permite que el abogado jure por su cliente en alguno de estos tres casos: 1°. Por la ausencia de la parte del distrito donde su abogado resida; 2°. Por la imposibilidad de la parte por alguna otra causa para prestarlo; y 3°. Cuando los hechos son conocidos por el abogado. En este último caso es que no puede el abogado jurar por información y creencia y que es aplicable la doctrina expuesta en el caso *Silcox* v. *Land,* 78 Cal. 121 * * *. Cuando el abogado presta el juramento en alguno de los otros dos casos, * * * entonces no está constreñido a hechos que le consten de propio conocimiento. Sin embargo cuando el juramento se hace basado en hechos que constan de propio conocimiento y en otros por información o creencia que se cree cierta, deberá expresarse en la alegación que se jura o en el propio juramento cuáles se conocen de una manera y cuáles de otra. *Rivera* v. *Cámara,* 17 D. P. R. 533."

En el presente caso el abogado de la parte demandada, Frank Martínez, claramente manifiesta bajo el juramento

prestado que la contestación es cierta, constándole su certeza de conocimiento propio, excepto lo en ella alegado por información y creencia y que esto también lo cree cierto; pero en la contestación no dice cuáles hechos conoce por información que cree cierta y cuáles por propio conocimiento, y tampoco en el mismo juramento expresa qué hechos conoce de una manera y cuáles de otra.

El juramento es abiertamente defectuoso y no puede producir efectos legales.    31 Cyc. 542.

"Los juramentos son actos solemnes que deben realizarse conscientemente, dándose cuenta su autor de la responsabilidad que contrae, y deben hacerse constar en forma clara y precisa y no de modo vago e indeterminado."
*Pérez* v. *El Consejo Ejecutivo,* 16 D. P. R. 712.

Alega la parte apelante que la contestación debió ser jurada por uno de los oficiales de J. T. Silva y Cía., S. en C., en liquidación, que eran los representantes de la demandada en las fechas a que se refiere la demanda, y, por tanto, los llamados a conocer y jurar los hechos que habían de aducirse en contra de los alegados por la demandante, mientras el letrado Sr. Martínez no explicara el motivo de no prestar el juramento uno de los oficiales de J. T. Silva y Cía.

Entendemos que la contestación ha podido ser jurada por J. T. Silva y Cía., S. en C., en liquidación, aunque no fuera parte en el juicio como así se desprende del artículo 118 del Código de Enjuiciamiento Civil al establecer que el juramento de las alegaciones se hará por declaración suscrita y jurada de la parte, exceptuando entre otros el caso de que estuviere imposibilitada de verificarlo por ser los hechos conocidos de su abogado u otra persona que los jurare, y lo corrobora el mismo artículo al prescribir que cuando la alegación sea jurada por el abogado o por cualquiera otra persona y no por las partes, deberá consignarse en la declaración escrita y jurada la razón por la cual no lo hace una de las partes. J. T. Silva y Cía., S. en C., era la llamada a jurar la contes-

tación, y de no poder verificarlo, ha debido expresarlo así el abogado Martínez en su juramento para que éste produjera efectos legales.

Sostiene además la representación de Catalina Nazario que la afirmación hecha en su juramento por el abogado Martínez de que los hechos de la contestación no eran conocidos a los actuales agentes Sánchez Morales y Cía., no constituye excusa suficiente para que aquél jurara, pues siendo Sánchez Morales y Cía. un nombre colectivo bajo el cual se comprenden varias personas y oficiales, debió manifestar que los hechos de la contestación no eran conocidos por oficial alguno de dicha corporación, pues podía acaecer que entre los oficiales hubiera uno que conociera los hechos, siendo ése en caso afirmativo el llamado a prestar el juramento.

Nos parece que siendo Sánchez Morales y Cía. los agentes autorizados en Puerto Rico de la compañía demandada cuando se formuló la contestación, según se admite en ella, esa compañía podía haber prestado el juramento en el caso de que no pudiera verificarlo la agente anterior, o sea J. T. Silva y Cía., S. en C., pues la circunstancia de ser agente autorizado Sánchez Morales y Cía., de la compañía demandada, le daba el carácter de parte en el pleito y podía jurar la contestación por cualquiera de los oficiales de la misma con arreglo al último párrafo del artículo 118 del Código de Enjuiciamiento Civil. Si ninguno de los oficiales de Sánchez Morales y Cía. tenía conocimiento de los hechos por ciencia propia o por referencia, debió expresarse así en el juramento, no siendo bastante, por tanto, la causa alegada de que los hechos fueran desconocidos a los actuales agentes Sánchez Morales y Cía. para que el abogado Frank Martínez prestara el juramento.

Ya sea que el abogado Martínez no fuera el llamado a prestar el juramento de la contestación, ya sea que lo prestara sin los requisitos exigidos por la ley, dicho juramento es substancialmente defectuoso, y, por tanto, la corte cometió el error que se le atribuye, el que por sí solo apareja la revo-

·cación de la sentencia apelada sin necesidad de discutir los demás motivos alegados por la parte apelante; pero tratándose de un defecto que es susceptible de enmienda según establecimos al resolver el caso de *Vendrell* v. *Pellot*, 21 D. P. R. 149 y 154, opinamos que debe revocarse la sentencia apelada y concederse permiso a la parte demandada a fin de que dentro del término que se le fije pueda enmendar su contestación jurada, continuándose luego el pleito de acuerdo con la ley.

Es de revocarse la sentencia apelada en los términos que dejamos expuestos.

> *Revocada la sentencia apelada concediendo permiso a la demandada para enmendar su contestación jurada y continuándose la tramitación del pleito de acuerdo con la ley.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.