Royal Bank of Canada, Demandante y Apelante, *v.* A. McCormick & Co. et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Ponce en procedimiento de traslado de pleito en causa sobre cobro de dinero.

No. 1582.—Resuelto en abril 12, 1917.

Traslado del Pleito—Residencia de los Demandados—Acción Personal para Cobro de Dinero.—En una acción personal para cobro de dinero cuando no existe más de un demandado y el pleito se inicia en un distrito que no es el de su residencia y no pide en forma debida el traslado del juicio al distrito correspondiente, la corte puede seguir conociendo del mismo; pero cuando son dos los demandados, ambos residentes en un distrito distinto al que se inicia la acción, a pedimento de uno sólo de ellos debe decretarse el traslado del juicio al distrito correspondiente, aun cuando el otro no haya hecho igual

reclamación. Ni la sumisión de uno, ni aún su consentimiento abierto para que la corte siga conociendo del caso, puede privar al otro del derecho que la ley le reconoce a que el juicio se vea en el lugar de la residencia de ambos.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José A.* y *Alberto S. Poventud.*

Los apelados no comparecieron.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación contra orden de la Corte de Distrito de Ponce de 24 de octubre de 1916 disponiendo el traslado de un pleito a la Corte de Distrito de Guayama.

The Royal Bank of Canada en 21 de junio de 1916 interpuso demanda ante la Corte de Distrito de Ponce contra la corporación A. McCormick & Co. y José Muñoz Vázquez, con súplica de que los demandados fueran condenados a pagar al demandante solidariamente la suma de $610 con más los intereses legales sobre dicha cantidad desde la interposición de la demanda, con las costas, gastos, desembolsos y honorarios de abogado.

Según las alegaciones de la demanda A. McCormick & Co., como deudora principal, y José Muñoz Vázquez y Clementina Texidor de Vergne como fiadores, firmaron en la ciudad de Guayama el 17 de octubre de 1914 un pagaré por $1,500 que se inserta en la demanda, a vencer un año después de su fecha y a la orden de los Sres. Smith & Nestle, de Nueva York, con intereses al tipo del 6 por ciento anual, cuyo pagaré fué endosado a favor del demandante The Royal Bank of Canada, habiendo satisfecho la co-fiadora Clementina Texidor de Vergne $750, parte proporcional de su garantía, y la deudora principal $200, a cuenta de la cantidad total adeudada, de la que quedó pendiente de pago un saldo de $550 de principal y $60 de intereses hasta 31 de mayo de 1916, o sea un total de $610, cuyo pago es el que se reclama a los demandados.

Emplazados en la ciudad de Guayama los demandados con

copia de la demanda, el día 5 de julio, el codemandado José Muñoz Vázquez archivó escritos alegando en uno de ellos conjuntamente la nulidad de los emplazamientos servidos y como excepciones previas la de que la demanda no aduce hechos suficientes para determinar una causa de acción en contra del compareciente y la de indebida acumulación de partes demandadas y a falta de ésta, la de defecto de partes demandadas, habiendo presentado además moción en que pidió fuera trasladado el pleito a la Corte de Distrito de Guayama en razón a que ambos demandados residían en la ciudad de Guayama. Se acompañaron *affidavits* suscritos por José Muñoz Vázquez, expresivos, uno de ellos, de que ambos demandados residían en la ciudad de Guayama, y el segundo, de que el demandado José Muñoz Vázquez había explicado el caso a su abogado habiéndole éste informado que tenía una buena defensa en los méritos de la acción.

El otro demandado, o sea la corporación A. McCormick & Co. no compareció a formular alegación alguna contra la demanda, y la demandante solicitó que fuera anotada su rebeldía, sin que aparezca que realmente fuera anotada.

La corte resolvió en 24 de octubre de 1916 la moción de traslado, declarándola con lugar, y esa es la orden que, como dijimos al principio, ha sido apelada para ante esta Corte Suprema por la parte demandante.

Como único fundamento del recurso alega la parte apelante que la Corte de Distrito de Ponce cometió error al decretar el traslado del caso a la Corte de Distrito de Guayama a pesar de haberse solicitado únicamente por el demandado José Muñoz Vázquez sin haberse unido a la codemandada A. McCormick & Co.

Para sostener el error apuntado alega la parte apelante que, siendo la acción ejercitada de carácter personal y habiéndose sometido a la jurisdicción de la Corte de Distrito de Ponce la demandada A. McCormick & Co., que es la deudora principal en la obligación cuyo cumplimiento se pide, debe seguir conociendo del caso la expresada corte, toda vez que

a la solicitud de traslado del codemandado José Muñoz Vázquez no se ha unido la referida sociedad ni se han expuesto razones por las cuales dejó de hacerlo.

Establece el artículo 82 del Código de Enjuiciamiento Civil que "si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado, al comparecer a contestar o a formular excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente."

Con arreglo al anterior precepto es indiscutible que si no hubiera más parte demandada que A. McCormick & Co., no habiendo pedido ésta el traslado del juicio a la Corte de Distrito de Guayama en forma debida, la Corte de Ponce hubiera podido seguir conociendo del mismo.   Pero ¿sucede lo propio siendo dos los demandados, a saber, José Muñoz Vázquez y A. McCormick & Co., ambos no residentes en el distrito judicial de Ponce en que se comenzó la acción, y pidiendo uno de ellos solamente el traslado del juicio a la Corte de Distrito de Guayama, sin que el otro haga igual reclamación?

La Ley de Enjuiciamiento Civil, después de establecer en los artículos 75, 79 y 80, reglas de competencia para la celebración de los juicios en determinados asuntos civiles, entre los cuales no está comprendido el presente, en que se ejercita una acción personal para cobro de dinero, ordena en su artículo 81 que en todos los demás casos el pleito deberá verse en el distrito en que residieren los demandados o algunos de ellos al iniciarse el litigio.   Como se ve, la residencia de los demandados o de algunos de ellos es la que regula la jurisdicción de las cortes de distrito en los casos a que alude el artículo 81.   Si ninguno de los demandados reside dentro del distrito, la corte sólo puede adquirir jurisdicción por sumisión de las partes.   Y si todos los demandados son partes necesarias y son todos no residentes, la corte no puede adquirir jurisdicción por la sumisión de alguno o algunos de dichos demandados, sino que es necesaria la de todos ellos.

Así fué resuelto por la Corte Suprema de California en el
caso de *Wood, Curtis & Co.* v. *Herman Min. Co.,* 139 Cal. 716.
Ese caso se originó en el condado de Sacramento en cobro
de dinero contra varios demandados, de los cuales algunos
pidieron el.traslado al condado de la Alameda, que era el sitio
de su supuesta residencia, mientras que otros se sometieron
a la corte del condado de Sacramento y se opusieron al tras-
lado, habiéndose declarado éste sin lugar.   Tal resolución fué
apelada para ante la Corte Suprema de California, la que
decretó su revocación, dejando consignada la siguiente doc-
trina:

"Aparecía, sin embargo, del *affidavit* de los demandados peti-
cionarios, y no se ha contradicho, 'que ninguno de los demandados
mencionados en la demanda presentada en este caso residían al ini-
ciarse el litigio, o después, ni ahora, residen en dicho condado de
Sacramento.' Esto fué bastante para dar cumplimiento al artículo
395 en ese respecto. (*Greenleaf* v. *Jacks,* 133 Cal. 506.) El len-
guaje empleado en el artículo 395 requiere que la acción sea vista
en el condado en que residieren los demandados o algunos de ellos
y no donde no residen. El consentimiento de determinados deman-
dados no residentes del condado donde el litigio se inició, no puede
privar a los demandados que no residían allí, del derecho a que
la causa sea trasladada al condado de su residencia. Resolver otra
cosa sería una infracción de las disposiciones del artículo 395. En
el caso de *Greenleaf* v. *Jacks,* 135 Cal. 154, algunos de los deman-
dados residían en el condado de San Luis Obispo cuando se inició
el litigio, y otros de los demandados residían en San Francisco, y
estos últimos pidieron que se cambiara el lugar del juicio, habiendo
consentido los demandados residentes al traslado. Se resolvió que
el demandante tenía derecho a presentar y proseguir su acción en
el condado de San Luis Obispo y que no podía ser privado de tal
derecho por el consentimiento de los demandados residentes. Por
tanto, aquí, los demandados peticionarios tenían derecho a que se
cambiara el lugar del juicio al condado de su residencia, *si todos
los demandados residían fuera del condado de Sacramento,* y de
ese derecho no podían ser privados por el consentimiento de algu-
nos de estos demandados a que el juicio fuera celebrado en el con-
dado de Sacramento."

El demandado José Muñoz Vázquez llenó todos los requi-

sitos prevenidos por el artículo 82 del Código de Enjuiciamiento Civil y no puede ser privado del derecho al traslado solicitado.

Es verdad que la codemandada A. McCormick & Co. nada ha alegado contra la jurisdicción de la Corte de Ponce, pero ni ese silencio, ni aun su consentimiento abierto para que dicha corte siguiera conociendo del caso, puede privar al otro demandado del derecho que la ley le reconoce a que el juicio se vea en el lugar de la residencia de ambos demandados. El demandante tiene derecho a presentar y proseguir su acción en el distrito en que residieren los demandados o alguno de ellos al iniciarse el litigio, y en el presente caso ni José Muñoz Vázquez ni A. McCormick & Co. tenían su residencia en el distrito judicial de Ponce, sino en el de Guayama.

Los casos citados por el apelante son aplicables solamente cuando uno o más de los demandados residen dentro del distrito en que se promueve el juicio y la corte por esa razón tiene jurisdicción sobre alguno o algunos de ellos.

Es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.