CINTRÓN, DEMANDANTE Y APELADO, *v.* "EL ZENIT," DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en procedimiento de traslado de causa sobre cobro de dinero.

No. 1796.—Resuelto en abril 15, 1918.

TRASLADO—DECLARACIÓN JURADA FUNDAMENTADA.—La declaración jurada y fundada a que se refiere el artículo 82 del Código de Enjuiciamiento Civil corresponde en el texto inglés al concepto *affidavit of merits.*

ID.—BUENA DEFENSA DE LA ACCIÓN.—Para solicitar el traslado de un pleito deben exponerse hechos que permitan apreciar si la demandada tiene o no buenos motivos de defensa contra la acción ejercitada.

ID.—CONVENIENCIA DE LOS TESTIGOS.—Cuando se solicita el traslado por razón de la conveniencia de los testigos, debe demostrarse que estos testigos son importantes o necesarios o qué hechos espera probar la demandada por medio de los mismos, sin lo cual la corte inferior no estará en condiciones de apreciar la conveniencia invocada.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. M. Benítez Flores.*

Abogado del apelado: *Sr. José Ramón Freyre.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de un recurso de apelación contra una orden de la Corte de Distrito de Mayagüez negando el traslado de un pleito a otro distrito judicial.

Dicha orden, que lleva fecha de 11 de enero del corriente año, en su parte sustancial dice así:

''Esta es una moción radicada por la demandada juntamente con una excepción previa, en la cual solicita que este caso sea trasladado a la Corte de Distrito de San Juan por ser la residencia de dicha demandada y por el motivo adicional de conveniencia de los testigos.

''Con la moción no se acompaña un *affidavit* demostrativo de que la demandada tiene una buena defensa sobre los méritos de la acción, requisito sin el cual no puede prosperar ninguna moción de esta índole.   Además el fundamento de conveniencia de testigos no puede tomarse en cuenta porque no se consigna en ninguna parte quiénes son los testigos ni dónde residen, o dato alguno por el cual la corte pueda formar idea de la pertenencia o impertinencia de esos testimonios;  por tanto la corte desestima la mencionada moción de traslado.''

Como se ve, la cuestion envuelta en el recurso no es la de si el apelante tiene derecho al traslado sino la de si ejercitó su derecho de acuerdo con la ley.

El artículo 82 del Código de Enjuiciamiento Civil dispone que si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá sin embargo continuarse en aquel a menos que el demandado al comparecer a contestar o a formular excepciones presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente.   Declaración jurada y fundada corresponde en el texto inglés al concepto ''*affidavit of merits.*''

La demanda tiene por objeto el cobrar de la demandada, que es una sociedad cooperativa mutua de seguros contra accidentes físicos, incorporada con arreglo a las leyes de Puerto Rico, la suma de $4,410 que corresponde al demandante como beneficiario de la socia fallecida María Soler y

Mercader, y la moción jurada de traslado se funda en que la sociedad demandada tiene su oficina principal en la ciudad de San Juan desde que fué constituída y en que la celebración del juicio en el distrito de Mayagüez seguramente ocasionaría trastornos, dificultades y gastos innecesarios y perjuicios incalculables a la demandada.

La moción de traslado fué presentada al formular excepción previa de que la demanda no aduce hechos suficientes para determinar una causa de acción y fué acompañada de dos declaraciones juradas, una del presidente de la sociedad de seguros denominada "El Zenit" y otra del tesorero de dicha sociedad sin que esas declaraciones contengan hecho alguno que permita apreciar si la demandada tiene o no buenos motivos de defensa contra la acción ejercitada. No hay propiamente el "*affidavit of merits*" que exige el artículo ya citado del Código de Enjuiciamiento Civil. *Fajardo et al* v. *Tió,* 17 D. P. R. 244, y *Bithorn et al.,* v. *Ball et al.,* 17 D. P. R. 577.

Por lo que atañe al traslado por razón de la conveniencia de los testigos, ni en la moción ni en las declaraciones juradas existe alegación alguna tendente a demostrar que los testigos son importantes o necesarios o qué hechos esperaba probar la demandada por medio de dichos testigos, no encontrándose por tanto la corte inferior en condiciones de poder apreciar la conveniencia invocada. *Arzuaga & Cía.* v. *Aramburu,* 15 D. P. R. 178, *Sarié* v. *Porto Rico Leaf Tobacco Co.,* 15 D. P. R. 204, *Torres et al.,* v. *Torres et al.,* 16 D. P. R. 352.

Las alegaciones de la parte apelante para obtener la revocación de la orden apelada se encaminan a demostrar que la Corte de Distrito de San Juan es la competente para conocer de la demanda, pero no es esa la cuestión envuelta en el recurso sino la de si el apelante ha ejercitado el derecho al traslado de acuerdo con la ley.

Es de confirmarse la orden apelada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.