ROIG COMMERCIAL BANK DEMANDANTE Y APELANTE, *v.* SUCESIÓN LUGO, DEMANDADA Y APELADA.

No. 3208.—*Visto:* Marzo 27, 1924. *Resuelto:* Junio 18, 1924.

TRASLADO—JURISDICCIÓN—SUMISIÓN DE LAS PARTES.—La obligación de pagar en el domicilio del acreedor, no implica por sí sola la sumisión a la corte del territorio donde éste reside.

ID.—AFFIDAVIT DE MÉRITO PRESTADO POR EL ABOGADO.—El *affidavit* de mérito en apoyo del traslado de un pleito puede ser prestado por el abogado del demandado cuando éste se hallare ausente del distrito donde reside el abogado. El juramento puede prestarse por información y creencia; y si el abogado expresa que cree que su parte tiene una buena defensa, no cabe rechazar el *affidavit* como insuficiente porque no especifique en detalle cuáles son los méritos de la misma.

ID.—RESIDENCIA DE LOS DEMANDADOS—ACCIONES PERSONALES.—Cuando son varios los demandados y ninguno reside en el distrito donde se inicia la acción, ni consta que se hubieran sometido a la corte donde se entabla la demanda, el traslado a la corte de distrito de la residencia del que lo pide debe decretarse aunque no todos los demandados residan en tal distrito.

Resolución de *Pablo Berga*, J. (Humacao), declarando con lugar moción de traslado. *Confirmada.*

*González Fagundo & González, Jr.,* abogados de la apelante; *M. F. Rossy,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se trata de un caso de traslado. Presentada la demanda en la Corte de Distrito de Humacao, se solicitó el traslado a la de San Juan, Primer Distrito. La corte lo decretó y no conforme el demandante apeló para ante este tribunal alegando que la corte erró al declarar con lugar la moción de traslado y al estimar suficiente el *affidavit* de méritos en que se basó la moción.

Hemos estudiado cuidadosamente el asunto y estamos enteramente conformes con la conclusión a que llegara la Corte de Distrito de Humacao y con los razonamientos contenidos en la opinión que emitiera para fundarla.

El Juez de Distrito Sr. Berga se expresó así:

"La demanda en este caso tiene por objeto el cobro de un pagaré, por la suma de dos mil quinientos dollars ($2,500), que se alega suscrito por la Sucesión de E. Lugo Viña, compuesta de Lucía R. Viuda de Lugo Viña, y Eduardo, Aurora, Lucía y Andrés Lugo Viña, cuya suma se obligaron a satisfacer a su vencimiento en la oficina bancaria de la demandante, Roig Commercial Bank, en Humacao. Establecida la demanda en esta Corte de Distrito, la demandada Lucía Rossy Vda. de Lugo Viña, ha solicitado el traslado del pleito a la corte de distrito de San Juan, Primer Distrito, y se consigna en la declaración jurada sobre los méritos del caso prestada por el abogado de dicha demandada, que ella reside por ahora en el pueblo de Lajas, habiendo permanecido unos dos meses en San Juan, otros dos meses en Guayama, y siendo su intención la de residir definitivamente en San Juan; y que los otros demandados Andrés y Eduardo, son vecinos de San Juan, Aurora, de Lajas, y Luz Eugenia, de Nueva York. Y en la moción de traslado de la referida demandada Lucía Rossy Vda. de Lugo Viña, se expresa, además, que si bien es cierto que conserva aún su domicilio en Nueva York, de donde era vecina, es su intención vivir en San Juan.

"En 12 de noviembre de 1923, se celebró, con asistencia de ambas partes, la vista de la referida moción de traslado.

"Se alega por la parte demandante, en primer término, para resistir al traslado, que los demandados, al obligarse a satisfacer el pagaré a su vencimiento en la oficina bancaria del demandante en Humacao, quedaron sometidos a la competencia de este tribunal. Pero esta alegación es insostenible, pues para que exista la sumisión, era necesario un convenio escrito de las partes donde los demandados se sometieran expresamente a la competencia de este tribunal, no pudiendo la corte inferirlo por el hecho de que se obligaran a verificar el pago en Humacao. Artículo 77, Código de Enjuiciamiento Civil; *Körber & Co., Inc.,* v. *Colón et al.,* 30 D.P.R. 773.

"Alega también la parte demandante que el *affidavit* de mérito carece de valor alguno porque no está suscrito y jurado por la propia demandada Lucía Rossy Vda. de Lugo Viña, no pudiendo prestarlo su abogado por información de ella, y porque en él no se expresa cuáles son los méritos de defensa que tiene la demandada.

"El artículo 82 del Código de Enjuiciamiento Civil dispone que, al pedirse un traslado, el demandado deberá presentar una declaración jurada y fundada (*affidavit of merits*). Esta declaración, conforme el artículo 118 del propio código, puede hacerse por el abogado del demandado, entre otros casos, cuando éste se hallare ausente del distrito en que residiere el abogado, pudiendo prestarse el juramento por información si se cree cierta. A este respecto el *affidavit* cumple sustancialmente con los requisitos de la ley. *Nazario* v. *Atlas Assurance Co.,* 24 D.P.R. 358.

"El abogado don Manuel F. Rossy, residente de San Juan, expresa en el *affidavit* de mérito que 'ha examinado este caso con los antecedentes aquí expuestos, y es de opinión que la demandada tiene una buena causa de acción, y tiene derecho a defenderse para proteger sus derechos sustanciales.' Y en el juramento consigna dicho letrado que 'es el abogado en este pleito de doña Lucía Rossy Vda. de Lugo Viña, y ha redactado esta declaración de mérito con arreglo a sus instrucciones, y las manifestaciones y hechos en ella consignados los cree ciertos, constándole su certeza por su información y en tal sentido las jura, no haciéndolo doña Lucía por encontrarse hoy en el pueblo de Lajas, sin facilidad de trasladarse aquí para jurar personalmente.' En el caso de *Bithorn* v. *Ball,* 17 D.P.R. 584, se ha resuelto que 'una declaración que expresa que el demandado ha expuesto fielmente a su abogado los hechos del caso y que según su opinión tiene una buena defensa en los méritos contra la demanda, es una que cumple con los requisitos del estatuto

sobre la materia.' Este caso aparece citado en el de *Cintrón* v. *El Zenit,* 26 D.P.R. 297. Y se ha resuelto también en el caso de *Padró* v. *Pérez,* 28 D.P.R. 401, que en una moción de traslado en donde se alega bajo juramento que 'los demandados han expresado entera y razonablemente el caso a su abogado y éste les ha informado que tienen una buena y sustancial defensa sobre los méritos y estos demandados efectivamente así lo creen,' es así mismo suficiente. Y, en el presente caso, aunque una refinada exigencia encontrase en el *affidavit* algún defecto de forma, él es bastante a cumplir los fines de la justicia.

"Y alega por último el demandante, que no procede el traslado, porque no todos los demandados residen en el distrito de San Juan. Ciertamente que en la moción y *affidavit* de mérito sólo se expresa que los demandados Andrés y Eduardo Lugo Viña residen en el distrito de San Juan, parte Norte de la ciudad de San Juan, y que la demandada Lucía Rossy Vda. de Lugo Viña tiene el propósito de vivir en San Juan, Santurce Norte, lo que no sería esto último bastante si ella fuera la única demandada para conceder el traslado, pero como ninguno de los demandados reside en el Distrito de Humacao según se expresa en el referido *affidavit,* únicamente podría adquirir este tribunal jurisdicción por la sumisión de las partes, y habiendo sólo comparecido la referida demandada no se han sometido los demás y la ley requiere que se sometan todos. Artículo 77, Código de Enjuiciamiento Civil; *Royal Bank of Canada* v. *A McCormick & Co.,* 25 D.P.R. 123."

*Debe confirmarse la resolución apelada.*